# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Angela Block, as Trustee for the Next of Kin of J.A., a minor, deceased, J.A. a minor, by her mother and natural guardian, Angela Block; and Angela Block, individually,

   Plaintiffs,

v.

Toyota Motor Corporation; Toyota Motor North America, Inc.; Calty Design Research, Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyota Motor Manufacturing, Kentucky, Inc.; Toyota Motor Sales, USA, Inc.; Brooklyn Park Motors, Inc.,

   Defendants.

Civil No. 10-2802 ADM/AJB

**MEMORANDUM OPINION AND ORDER**

---

Catrina Trice-Adams, as Trustee for the Next of Kin of Javis Demar Trice-Adams, Sr., Decedent and as Next Friend of J.D.T. 1, J.D.T. 2 and J.D.T. 3, Minor Children,

   Plaintiff,

v.

Toyota Motor Corporation; Toyota Motor Sales, USA, Inc.; Toyota Motor North America, Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyota Motor Manufacturing, Kentucky, Inc.; Calty Design Research, Inc.; Brooklyn Park Motors, Inc.; Andrea Rose Sebenaler,

   Defendants.

Civil No. 10-2803 ADM/AJB

---

Amy Collignon Gunn, Esq., and John G. Simon, Esq., The Simon Law Firm, PC, St. Louis, MO; and Paige J. Donnelly, Esq., and Sheila K. Donnelly-Coyne, Esq., Paige J. Donelly, Ltd., St. Paul, MN, on behalf of Plaintiff Angela Block.

Robert J. Patterson, Esq., and Alan Clifton Gordon, Esq., Watts Guerra Craft, LLP, Corpus Christi, TX; Mikal C. Watts, Esq., Watts Law Firm, LLP, Corpus Christi, TX; and Michael D. Swor, Swor & Gatto, PA, St. Paul, MN on behalf of Plaintiff Catrina Trice-Adams.

John D. Sear, Esq., Bard D. Borkon, Esq., Lawrence C. Mann, Esq., Nathan J. Marcusen, Esq., and Theodore Dorenkamp, Esq., Bowman & Brooke, LLP, Minneapolis, MN and Troy, MI, on behalf of Defendants Toyota Motor Corporation; Toyota Motor Sales, USA, Inc., Toyota Motor North America, Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyota Motor Manufacturing Kentucky, Inc.; and Calty Design Research, Inc.

Nancy L. Gores, Law Offices of Stilp & Grove, Golden Valley, MN on behalf of Defendant Brooklyn Park Motors, Inc.

Scott B. Lundquist, Esq., Attorney at Law, Minneapolis, MN on behalf of Defendant Andrea Rose Sebenaler.

## I. INTRODUCTION

On October 22, 2010, the undersigned United States District Judge heard oral argument on Plaintiff Angela Block's ("Block") Motion to Remand [Block Docket No. 19][1] and Plaintiff Catrina Trice-Adams' ("Trice-Adams") Motion to Remand [Trice-Adams Docket No. 26]. Defendants Toyota Motor Corporation; Toyota Motor Sales, USA, Inc.; Toyota Motor North America, Inc.; Toyota Motor Engineering and Manufacturing North America, Inc.; Toyota Motor Manufacturing, Kentucky, Inc.; Calty Design Research, Inc. (collectively, the "Toyota Defendants"); and Brooklyn Park Motors, Inc. ("Brooklyn Park Motors") opposed the motions. For the reasons stated below, the motions are denied.

---

[1] The motions in these two related cases were consolidated for the purposes of oral argument and this Order. For sake of clarity, references to the docket in the Block matter will reference "Block Docket No." and references to the docket in the Trice-Adams matter will reference "Trice-Adams Docket No."

## II. BACKGROUND

These motions relate to two of four[2] related lawsuits pending before the Court. All lawsuits relate to the same tragic automobile accident. On June 10, 2006, Javis Trice-Adams ("Javis, Sr.") was driving his 1995 Oldsmobile in St. Paul, Minnesota. Notice of Removal [Trice-Adams Docket No. 1], Ex. 1, Compl. ("Trice-Adams Compl.") ¶ 5.1. In the car with him was his son Javis Adams ("Javis, Jr."), his daughter Jassmine Adams ("Jassmine"), Quincy Adams ("Quincy"), and Devyn Bolton ("Devyn"). Adams Compl. ¶ 5; Trice Compl. ¶ 7; Notice of Removal [Block Docket No. 1], Ex. 1, Compl. ("Block Compl.") ¶ 15. The Oldsmobile was stopped at a red light when a 1996 Toyota Camry (the "Camry") struck the Oldsmobile from behind at a high rate of speed, pushing it into oncoming traffic. Block Compl. ¶¶ 16, 18. Javis, Sr. and Javis, Jr. died on the scene. Trice-Adams Compl. ¶ 5.1; Block Compl. ¶ 19. Devyn was rendered a quadriplegic and later died of complications from her injuries. Trice Compl. ¶ 18; Adams Compl. ¶ 16. Quincy and Jassmine were severely injured but survive. Block Compl. ¶ 20; Trice Compl. ¶ 18; Adams Compl. ¶ 16.

The Toyota Defendants all participated in either the design, manufacture, or sale of the Camry. Block Compl. ¶¶ 5-10. Brooklyn Park Motors sold the Camry new in April 1996. Id. ¶ 11. In 2006, Koua Fong Lee ("Lee") bought the used Camry when it had an odometer reading of 173,000 miles. Trice-Adams Notice of Removal, Ex. 3. In 1996, given concerns about unintended acceleration, a recall was issued for Toyota vehicles, including Camrys, that used a

---

[2] The other two lawsuits are Trice, et al. v. Toyota Motor Corp., et al., Civil No. 10-2804 ADM/AJB, and Adams, et al. v. Toyota Motor Corp, et al., Civil No. 10-2805 ADM/AJB. For completeness, the Court will cite to the dockets in those matters. The Trice Complaint ("Trice Compl.") is Ex. 1 to the Notice of Removal [Docket No. 1] in that case. The Adams Complaint ("Adams Compl.") is Ex. 1 to the Notice of Removal [Docket No. 1] in that case.

Rostra brand cruise control. Swor Aff. [Trice-Adams Docket No. 28] Ex. 2. That recall did not apply to the Camry involved in this accident. Sear Decl. [Trice-Adams Docket No. 41] Ex. 1. Beginning in 2002, more concerns arose regarding Toyota vehicles and unintended acceleration. See Swor Aff. Exs 3-5.

At the time of the accident, Lee was driving the Camry. Trice-Adams Compl. ¶ 5.1. Lee was convicted of criminal charges for his role in the accident, a conviction that was later vacated. See Sear Decl. Ex. 2. Minnesota state court actions were brought on behalf of the victims of the accident, alleging that the accident was caused by a defect in the Camry. The Toyota Defendants removed those lawsuits to federal court.

Block, the mother of Javis, Jr. and Jassmine, and Trice-Adams, Javis, Sr.'s widow, now move to remand this case back to Minnesota state court. Block and Trice-Adams argue that their cases are not removable under 28 U.S.C. § 1441(b) because Defendant Brooklyn Park Motors is a citizen of Minnesota. The Toyota Defendants respond that the joinder of Brooklyn Park Motors was improper and the case is removable due to the doctrine of "fraudulent joinder."

### III. DISCUSSION

#### A. Fraudulent Joinder Doctrine

The Court has diversity jurisdiction over these cases based on the citizenship of the parties[3] pursuant to 28 U.S.C. § 1332. Nevertheless, because Brooklyn Park Motors is a citizen of Minnesota and this action was filed in Minnesota state court, 28 U.S.C. § 1441(b) would

---

[3] Plaintiff Block is a citizen of Missouri, Block Compl. ¶ 1, and Plaintiff Trice-Adams is a citizen of Georgia, Trice-Adams Compl. ¶ 3.1. The Toyota Defendants are citizens of Japan, California, and Kentucky. Block Compl. ¶¶ 5-10; Trice-Adams Compl. ¶¶ 3.2-3.8. Brooklyn Park Motors is a citizen of Minnesota. Block Compl. ¶ 11; Trice-Adams Compl. ¶ 3.9. Therefore, complete diversity exists in both cases between Plaintiffs and Defendants.

typically preclude removal. Here, however, the Toyota Defendants removed to federal court on the basis that Brooklyn Park Motors was fraudulently joined and thus not "properly joined" as a defendant as required by § 1441(b).

The fraudulent joinder doctrine typically applies to cases where a non-diverse defendant has been joined to defeat diversity, but applies to § 1441(b) as well. See, e.g., Fed. Beef Processors, Inc. v. CBS Inc., 851 F. Supp. 1430, 1434-36 (applying fraudulent joinder doctrine in § 1441(b) case). Fraudulent joinder of a party will not prevent removal. Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). Joinder is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002) (citing Anderson, 724 F.2d at 84).

In determining whether fraudulent joinder exists, courts generally consider whether, on the face of the pleadings, a cause of action will lie. Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809-10 (8th Cir. 2003) (citing Anderson, 724 F.2d at 82). In so doing, courts may consider whether an action would survive a motion to dismiss for failure to state a claim upon which relief can be granted. Simpson v. Thomure, 484 F.3d 1081, 1084 (8th Cir. 2007). Unlike a motion to dismiss, however, courts may consider extrinsic facts for the limited purpose of deciding whether joinder is fraudulent. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.") (quotations omitted); Masepohl v. Am. Tobacco Co., 974 F. Supp. 1245, 1250 (D. Minn. 1997) ("The Court may pierce the pleadings to consider factual . . . materials beyond . . . the Complaint, but only to determine if there is any factual support for Masepohl's claims against the [resident defendants].").

Both Block and Trice-Adams assert multiple claims against Brooklyn Part Motors. Block has asserted claims based on strict liability, negligence, res ipsa loquitur, and fraud. Trice-Adams asserts claims based on strict liability, negligence, breach of warranty, and fraud. Each theory of recovery is considered in turn below. As a threshold matter, the parties all rely on Minnesota substantive law; thus, the Court will infer that there is no dispute that Minnesota substantive law applies to this case.

**B.      Strict Liability Claims**

Brooklyn Park Motors is a dealership, and merely bought the Camry from a distributor and sold it to a customer. Block Compl. ¶ 11; Trice-Adams Compl. ¶ 8.2. Brooklyn Park Motors had no role in the design or manufacture of the Camry. See Block Notice of Removal ¶ 29; Trice-Adams Notice of Removal ¶ 31. Brooklyn Park Motors, therefore, can avail itself of Minn. Stat. § 544.41, which limits the liability of non-manufacturers in products liability cases.

Section 544.41 requires dismissal of a non-manufacturer once the manufacturer of the product is identified. However, this dismissal is only provisional. The non-manufacturer may rejoin the litigation, and ultimately be liable, if any of the following applies: (1) the statute of limitations bars an action against the manufacturer, (2) the identity of the manufacturer provided by the seller is incorrect, (3) the manufacturer no longer exists, or is not subject to the jurisdiction of the court, (4) the manufacturer is unable to satisfy any judgment as determined by the court, or (5) the court determines that the manufacturer would be unable to satisfy a reasonable settlement. Minn. Stat. § 544.41 Subd. 2. Furthermore, the non-manufacturer will not be dismissed where the plaintiff can show one of the following: (1) it exercised some significant control over the design or manufacture of the product, or has provided instructions or

6

warnings to the manufacturer relating to the alleged defect, (2) it had actual knowledge of the defect, or (3) it created the defect. Minn. Stat. § 544.41 Subd. 3.

### 1. Provisional Dismissal May Serve as Basis for Finding Fraudulent Joinder

The first point of dispute between the parties is how a provisional dismissal, if granted, should affect the fraudulent joinder analysis. Block and Trice-Adams argue that because there is always a possibility that Brooklyn Park Motors could rejoin this litigation pursuant to Minn. Stat. § 544.41 Subd. 2, it will remain "phantom party" that precludes removal. See LaRoe v. Cassens & Sons, Inc., 472 F. Supp. 2d 1041, 1050-51 (S.D. Ill. 2006) (holding that "seller's exception" statute did not support a finding of fraudulent joinder because dismissal under the statute was provisional). The Toyota Defendants respond that provisional dismissal in this case will be permanent as a practical matter because there are no issues of statute of limitations or jurisdiction. Further, the Toyota Defendants are part of a corporate family with the resources to satisfy any judgment or reasonable settlement.

Courts have approached statutes similar to § 544.41 in different ways. Some federal courts have held that provisional dismissal is sufficient for a finding of fraudulent joinder and denied remand to state court. E.g., Henderson v. Ford Motor Co., 340 F. Supp. 2d 722, 726-27 (N.D. Miss. 2004); Wichmann v. Procter & Gamble Mfg. Co., No. 4:06CV1457, 2006 WL 3626904, *2 (E.D. Mo. Dec. 11, 2006). Other courts have ruled that when the dismissal is only provisional, remand is appropriate. E.g., LaRoe, 472 F. Supp. 2d at 1050-51. With respect to § 544.41 specifically, this District has ruled that a provisional dismissal under that statute can be the basis for finding fraudulent joinder and exercising federal diversity jurisdiction. Masepohl, 974 F. Supp. at 1254.

7

On the facts of this case, the parties agree that the first three elements of Minn. Stat. § 544.41 Subd. 2 are not implicated.  With respect to the fourth and fifth elements, the financial viability elements, at least one of the Toyota Defendants will be able to satisfy any adverse judgment or reasonable settlement.  While a remote chance exists that a catastrophic global economic event will bankrupt all the Toyota Defendants, that extremely unlikely possibility does not rise above the level of the hypothetical.  No reasonable basis in fact exists to suggest this would happen.  Indeed, in a products liability action involving a Mississippi statute similar to § 544.41, the U.S. District Court for the Northern District of Mississippi held, in denying a remand motion, that no "realistic scenario" would reinstate a local dealership as a defendant given Ford Motor Company's resources.  Henderson, 340 F. Supp. 2d at 726-27.  Therefore, no reasonable basis in fact or law exists to support the strict liability claims against Brooklyn Park Motors unless one of the other exceptions to dismissal enumerated in § 544.41 applies.

**2. Dismissal of Strict Liability Claims Against Brooklyn Park Motors Is Appropriate; It Did Not Have Actual Knowledge of Defect**

There is no dispute that Brooklyn Park Motors did not exercise significant control over the design or manufacture of the Camry, did not warn the Toyota Defendants about any defect, and did not create any defect.  The only basis for a strict liability claim against Brooklyn Park Motors, therefore, is whether they had actual knowledge of a defect.  Minn. Stat. § 544.41 Subd. 3.

With respect to actual knowledge, Block has only made a general allegation that the "Defendants" had actual knowledge of the defect.  Block has not made any specific allegations concerning how Brooklyn Park Motors had knowledge regarding a defect in a product that it did not design or manufacture and which did not manifest itself for more than ten years after the

8

vehicle left Brooklyn Park Motors' control. Block has merely made conclusory allegations reciting the elements of a negligence claim. Without more, Block does not state a claim upon which relief can be granted.

Trice-Adams, on the other hand, has specifically pled that Brooklyn Park Motors had actual knowledge of the defect. Trice-Adams Compl. ¶ 9.3. Trice-Adams does not allege facts as to how or when that actual knowledge was obtained. Brooklyn Park Motors denies it had actual knowledge. Hilbert Aff. [Trice-Adams Docket No. 43] ¶ 4. Trice-Adams' arguments to the contrary are unpersuasive. Trice-Adams argues that Brooklyn Park Motors had actual knowledge of the defect based on a 1996 recall of Toyota Camrys with a Rostra brand cruise control. See Swor Aff. Ex. 2 (notice of recall). The Camry involved in the accident did not have a Rostra brand cruise control, and therefore was not subject to the recall. See Sear Decl. Ex. 1 (noting that Camry in accident had factory cruise control). The other bases for knowledge identified by Trice-Adams all relate to 2002 Camrys, see Swor Aff. Exs. 3-5, and Trice-Adams does not identify how that information gave Brooklyn Park Motors actual knowledge of a defect in this 1996 Camry. Therefore, no reasonable basis exists to support the allegation that Brooklyn Park Motors had actual knowledge of the defect. With no showing of actual knowledge, no claim based on strict liability exists against Brooklyn Park Motors.

In summary, no reasonable basis in fact and law exists for the strict liability claims against Brooklyn Park Motors. Therefore, those claims will be dismissed.

**C.    Negligence Claims**

To prevail on a negligence theory, Block and Trice-Adams must show that Brooklyn Park Motors had knowledge of the defect. See Bilotta v. Kelley Co., 346 N.W.2d 616, 622

9

(Minn. 1984) (noting that knowledge of defect must be proven to prevail on negligence theory in products liability case). As discussed above, no reasonable basis in fact exists to suggest that Brooklyn Park Motors had such knowledge. Therefore, no viable negligence claim exists against Brooklyn Park Motors.

**D.     Fraud Claims**

Block and Trice-Adams assert claims against Brooklyn Park Motors for fraud. Under both federal and state civil procedure rules, fraud must be pled with *particularity*. Fed. R. Civ. P. 9(b); Minn. R. Civ. 9.02. Particularity requires that the identity of the person committing fraud be pled. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549 (8th Cir. 1997). Therefore, pleading that the defendants collectively committed fraud is not sufficient. Daher v. G.D. Searle & Co., 695 F. Supp. 436, 440 (D. Minn. 1988).

Here, Block and Trice-Adams' allegations of fraud are made generally. Neither plaintiff identifies any particular acts of fraud by Brooklyn Park Motors. As such, these claims are not pled with sufficient particularity and do not state a claim upon which relief can be granted.

**E.     Breach of Warranty Claims**

Trice-Adams asserts a claim for breach of warranty against Brooklyn Park Motors. Brooklyn Park Motors sold the Toyota Camry in 1996. Therefore, the applicable four-year statute of limitations has run. See Minn. Stat. § 336.2-725 (providing that an action for breach of any contract of sale must be commenced within four years of accrual of the action). Statute of limitations defenses are properly considered in determining fraudulent joinder. Ritchey, 139 F.3d at 1320. Thus, these claims are properly dismissed unless the statute of limitations has been tolled.

10

Trice-Adams argues that the statute of limitations should be tolled due to fraudulent concealment. Fraudulent concealment implicates the heightened pleading standards of Rule 9(b), as discussed above. Trice-Adams has only pled that the "Toyota defendants" generally engaged in fraudulent concealment. Trice-Adams Compl. ¶ 13.1. This general averment is not sufficiently particular to form a basis from which to toll the statute of limitations as to Brooklyn Park Motors. The breach of warranty claim against Brooklyn Park Motors is clearly time-barred. No reasonable basis in fact or law exists to support this claim.

F.   **Res Ipsa Loquitur Claims**

Block asserts claims based on res ipsa loquitur against Brooklyn Park Motors. Under Minnesota law, res ipsa loquitur requires, among other things, that the plaintiff show the instrumentality causing the accident was in the "exclusive control" of the defendant at the time of the injury. Holten v. Parker, 224 N.W.2d 139, 144 (Minn. 1974). No allegations have been made that the Camry was in the exclusive control of Brooklyn Park Motors at the time of the accident. To the contrary, Block alleges that the vehicle left the control of Brooklyn Park Motors some ten years before the accident. Block Compl. ¶ 11. Therefore, no reasonable basis in fact or law exists for these claims against Brooklyn Park Motors.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Block's Motion to Remand [Block Docket No. 19] is **DENIED**;

2. Trice-Adams' Motion to Remand [Trice-Adams Docket No. 26] is **DENIED**; and

3. All claims against Brooklyn Park Motors are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 23, 2010.